# United States Bankruptcy Court
# Eastern District of Pennsylvania

In re:

James Daly and Shannon P. Daly,

Debtors.

Case No. 25-14980-djb

Chapter 13

**Debtors' Verified Motion for Turnover and Sanctions Directed to Santander Bank**

**AND NOW**, Debtors James Daly and Shannon P. Daly, through their attorney, move for the entry of an order compelling turnover of a motor vehicle.

## I.      Jurisdiction

1.      The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

3.      The Debtors consent to the entry of a final order by this Court.

4.      Venue is proper under 28 U.S.C. § 1409.

## II.     Background

5.      The Debtors petitioned for relief under chapter 13 of the Bankruptcy Code on December 5, 2025.

6.      On or about March 1, 2024, the Debtors entered into a retail installment contract for purchase of a 2021 Nissan Kicks, VIN 3N1CP5DV0ML514826 (the "Vehicle"). The contract was assigned to the Creditor, and the Debtors remain indebted under its terms.

7.      The Debtors maintain the vehicle for traveling to work and fulfilling other routine obligations and errands.

8.      The Vehicle is properly insured through Progressive Advanced Insurance Co through May 21, 2026, and such insurance will be renewed thereafter.

9.      Before the petition was filed, the Creditor repossessed the Vehicle due to payment default. Upon repossession, the Creditor sent the Debtors a notice stating that the Vehicle would be sold at auction if the arrearage was not promptly cured.

10.     Upon information and belief, the Vehicle remains in the Creditor's possession and has not been sold at auction or otherwise disposed of.

11.     The Debtors intend to file a chapter 13 plan that provides for cure of all pre-petition arrears owed to the Creditor.

12.      The Debtors intend to provide pre-confirmation adequate protection payments to the Creditor.

13.     On December 5, 2025, the Debtors provided the Creditor with notice of this bankruptcy case and demanded turnover of the Vehicle.

14.     Despite actual notice, the Creditor has refused to turn over the Vehicle.

15.     As a result of the Creditor's failure to turn over the Vehicle, the Debtors have incurred actual damages, including, but not limited to, transportation, lost wages, towing and storage, and attorney's fees.

**III.    Grounds For Relief**

**A.  The Vehicle is property of the estate and must be turned over to the Debtors.**

16.     When the petition was filed, the Vehicle became property of the Debtors' bankruptcy estate under 11 U.S.C. § 541(a).

17.     Under 11 U.S.C. § 542(a), an entity in possession of estate property must deliver that property to the trustee or debtor unless the property is of inconsequential value or benefit to the estate.

18.     The Vehicle is necessary for Debtors' reorganization efforts because it is essential for transportation to work and other daily necessities.

19.     The Vehicle's necessity to the Debtors' reorganization gives it consequential value and benefit to the estate.

20.     The automatic stay under 11 U.S.C. § 362 prohibits the Creditor from taking any further action to dispose of the Vehicle and mandates its return to the Debtors upon request.

21.     Despite notice of the bankruptcy filing and demand for turnover, Creditor has yet to voluntarily return the Vehicle, thereby impeding Debtor's ability to reorganize under chapter 13.

**B. The Creditor's failure to promptly turn over the Vehicle upon demand is sanctionable as a willful violation of the automatic stay.**

22.     The filing of the petition operated as a stay of, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a).

23.     After receiving notice of the petition and the Debtors' demand for turnover, the Creditor has intentionally continued to withhold possession of the Vehicle without a legal basis.

24.     The Creditor's continued refusal to release the Vehicle is intended to coerce payment of a prepetition debt in violation of 11 U.S.C. § 362(a)(6).

25.     This misconduct is willful within the meaning of 11 U.S.C. § 362(k) because the Creditor had actual notice of the bankruptcy and intentionally engaged in the conduct that violates the stay.

3

26.     The Debtors have been injured by the Creditor's willful violation of the stay and are entitled to recover actual damages.

**IV.     Relief Requested**

27.     The Debtors request that the Court order the Creditor to return possession of the vehicle to them and award actual damages for violation of the automatic stay in an amount to be determined.

**FOR THOSE REASONS,** the Court must grant relief in the form of order attached, and further in the Debtors' favor if necessary and proper under the law.

Date: December 24, 2025                 **SADEK LAW OFFICES LLC**
                                        *Attorney for Debtors*

                                        By: /s/ Michael I. Assad
                                            Michael I. Assad (#330937)
                                            1500 JFK Blvd., Suite 220
                                            Philadelphia, PA 19102
                                            215-545-0008
                                            michael@sadeklaw.com

**Verification**

I, Shannon P. Daly, am a debtor in this bankruptcy case. I have read this motion and verify that all factual allegations therein are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct.

Date: December 24, 2025                 /s/ Shannon P. Daly
                                        Shannon P. Daly