# United States Bankruptcy Court
# Eastern District of Pennsylvania

In re:

James Daly and Shannon P. Daly,

Debtors.

Case No. 25-14980-djb

Chapter 13

## Order Directing Santander Bank to Turn Over
## 2021 Nissan Kicks, VIN 3N1CP5DV0ML514826

**AND NOW**, upon consideration of the *Verified Motion for Turnover and Sanctions Directed to Santander Bank* filed by Debtors James Daly and Shannon P. Daly, after notice and hearing, the court finds as follows:

A. The court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990). This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

B. The 2021 Nissan Kicks, VIN 3N1CP5DV0ML514826 (the "Vehicle") is property of the bankruptcy estate and is of consequential value and benefit.

C. Santander Bank (the "Creditor") is and has been in possession, custody, and control of the Vehicle at all times since this bankruptcy case was filed.

D. The Creditor received actual notice of the bankruptcy and the Debtors' demand for turnover.

E. After receiving notice of the bankruptcy and the demand for turnover, the Creditor intentionally refused and failed to turn over the Vehicle, which constitutes willful violation of the automatic stay under 11 U.S.C. § 362(a)(6).

F. As an actual and proximate result of the Creditor's willful stay violation, the Debtors suffered actual damages, including transportation expenses and lost wages, and incurred attorney's fees and costs to remedy the violation.

For those reasons, and for other good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Creditor must return possession of the Vehicle to the Debtors within twenty-four hours after entry of this order.

3.  Within three hours after entry of this order, the Creditor must provide the Debtors' attorney with:

   a.  the Vehicle's current location;

   b.  the name of a person authorized to release the Vehicle and that person's direct, live contact information; and

   c.  all release instructions reasonably necessary to complete turnover.

4.  Until turnover is completed, the Creditor and its agents must not sell, transfer, assign, dispose of, or otherwise encumber the Vehicle, and must preserve it in its present condition.

5.  The Creditor must not condition turnover on payment of any amounts. All repossession, storage, or related fees or charges will be addressed only by further order of this court. This order does not determine the allowability of any such fees.

6.  Within twenty-four hours after turnover is completed, the Creditor must file a certification of compliance confirming the date of turnover and the location from which the Vehicle was released.

7.  Pursuant to 11 U.S.C. § 362(k), the Creditor must pay the Debtors actual damages in the amount of $_____ within fourteen days after the entry of this order.

8.  The Debtors' attorney must file a certification and itemization of attorney's fees and costs directly related to enforcing turnover and the automatic stay within seven days after entry of this order. Any objections to the reasonableness of such fees and costs must be filed within seven days later.

9.  If the Creditor fails to timely comply with this order, the Debtors may file a certification of default, and then the court may enter an order to show cause why the Creditor should not be held in contempt and sanctioned.

10.  The Debtors must maintain insurance on the Vehicle as required by applicable law and the terms of the underlying loan agreement.

11.  The Debtors must file an amended chapter 13 plan providing for full payment of all prepetition arrears owed to the Creditor within fourteen days after entry of this order, or within fourteen days after the Creditor files its proof of claim, whichever occurs later.

12.    The chapter 13 trustee must pay the Creditor a distribution of $50.00 per month, retroactive to the petition date, from funds paid by the Debtors to the trustee, until the plan is confirmed. Such payments must be credited against distributions to the Creditor under the confirmed plan.

13.    The court retains jurisdiction to interpret and enforce this order.

Date:                                      _____

Derek J. Baker
U.S. Bankruptcy Judge